UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| TODD ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:12-CV-434-TLS |
| | ) | |
| JOHN G. CLIFTON, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The Plaintiff, Todd Anderson, a *pro se* prisoner, filed a Complaint [ECF No. 1] pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To survive dismissal, a complaint must state a claim for relief that is "plausible on its face." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bissessur*, 581 F.3d at 602 (quotation marks omitted). In determining whether the complaint states a claim, the a court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Here, the Plaintiff alleges that his attorney did not properly handle the appeal of his state criminal conviction. (Compl. 3–4, ECF No. 1.) In order to state a claim under § 1983, a plaintiff

must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law. *Parker v. Franklin Cnty. Cmty. Sch. Corp.*, 667 F.3d 910, 925 (7th Cir. 2012). A criminal defense attorney, even an appointed public defender, does not act under color of state law as long as the attorney is exercising independent professional judgment in a criminal proceeding. *Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981); *see also Comes v. Munoz*, 724 F.2d 61, 62–63 (7th Cir. 1983) (finding no state action where plaintiff claimed appellate defender had "refused to pursue various issues that appellant wanted argued on appeal"). The Complaint does not suggest that the Plaintiff's attorney, John G. Clifton, was acting outside of the exercise of his independent professional judgment. Therefore, the Plaintiff does not state a federal claim under § 1983 against his attorney.

Moreover, these claims are also barred by the statute of limitations. Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009). Here, the Plaintiff has attached a copy of the September 5, 2007, Indiana Court of Appeals Memorandum Decision which details perceived deficiencies in attorney Clifton's appellate pleadings. (Mem. Decision, ECF No. 1-2 at 7–8.) Indiana's two-year limitations period for personal injury suits applies to Section 1983 claims. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). The facts underlying the Plaintiff's Complaint all occurred prior to September 5, 2007. Therefore, the deadline for filing these claims expired in 2009. Because this Complaint was filed nearly three years after the statute of limitations expired, this lawsuit would have been dismissed even if the Plaintiff could have otherwise stated a claim.

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on September 6, 2012.

                                             s/ Theresa L. Springmann  
                                            THERESA L. SPRINGMANN  
                                            UNITED STATES DISTRICT COURT  
                                            FORT WAYNE DIVISION